UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

MARC BOYER,

                        Plaintiff,

     - against -

                                  ORDER

FARRAH IQBAL,

                              CV 2004-2520 (RJD)(MDG)

                       Defendant.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

     Plaintiff Marc Boyer ("plaintiff" or "Boyer") commenced this negligence action in the Supreme Court of the State of New York, Kings County, for injuries allegedly sustained after being hit by a moving vehicle owned by the defendant Farrah Iqbal ("defendant" or "Iqbal"). Defendant filed a notice of removal of this action on June 17, 2004 on the basis of diversity of citizenship since the Complaint and Notice of Removal both allege that plaintiff Boyce resides in New York, and defendant Iqbal resides in Pennsylvania. Compl. ¶¶ 1-2; Notice of Removal ¶ 3.

     By letter dated August 1, 2005, defendant seeks to file a third-party complaint against Popular Auto Service, Inc.[1]

---

[1] As a preliminary matter, I note that I have the authority to decide defendant's motion for leave to file his third-party complaint pursuant to 28 U.S.C. § 636(b)(1)(A). Cf. Kilcullen v. New York State Dept. of Transp., 55 Fed.Appx. 583, 584, 2003 WL 151251. at *2 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing

Defendant claims that Popular Auto Service, Inc. had custody over the defendant's automobile that was involved in the accident giving rise to this action. During a telephone status conference with the parties on July 27, 2005, counsel for the defendant informed the Court that he had submitted a third-party complaint against Popular Auto Service, Inc. to the Clerk's Office for filing. The Court directed the defendant to file an application for leave to file the third-party complaint in order to determine whether the Court has a basis for subject matter jurisdiction over defendant's third-party action. See Minute Entry dated July 27, 2005.

**DISCUSSION**

Rule 14(a) of the Federal Rules of Civil Procedure permits a defendant to commence an action against a person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). A third-party complainant is not required to establish an independent jurisdictional basis for its action in order to implead a third-party defendant into another action for which jurisdiction has already been

---

Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir.2000)); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 201 (2d Cir. 2000) (same). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order.

established.  See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 726-27 (2d Cir. 2000) (observing that 28 U.S.C. § 1367 permits defendants to assert claims against non-diverse third parties in diversity cases); David Siegel, Practice Commentary, "The 1990 Adoption of § 1367, Codifying 'Supplemental' Jurisdiction," printed in 28 U.S.C.A. § 1367 at 832-33 (West 1993) (same).

Since defendant Iqbal claims in his proposed a third-party complaint that Popular Auto Service, Inc. may be liable to the defendant for plaintiff's claims against the defendant, defendant Iqbal may properly file his third-party action against Popular Auto Service, Inc.  However, plaintiff is barred from asserting a direct claim against Popular Auto Service, Inc., if plaintiff cannot establish that diversity jurisdiction exists with this new party.  See 28 U.S.C. § 1367(b).

## CONCLUSION

Defendant's application for leave to file the third-party summons and complaint is granted.  Counsel for defendant/third-party plaintiff must electronically file third-party complaint by Sept. 2, 2005 and serve the third-party defendant by September 30, 2005.  An extension of discovery will be discussed at the next scheduled conference.

**SO ORDERED.**

Dated:    Brooklyn, New York
          August 26, 2005

/s/
MARILYN D. GO

UNITED STATES MAGISTRATE JUDGE